GEORGE R. MAHONEY *v.* MARIAH MCNEILL.

1. MASTER AND SERVANT. *Landlord and tenant. Wrongful employment Code* 1892, § 1068.

Code 1892, § 1068, subjecting to double damages one who interferes with, entices away, knowingly employs, or induces a laborer or renter to leave his employer or the leased premises, is highly penal, and a plaintiff cannot recover thereunder unless he be himself without fault.

2. SAME.

A landlord who interfered with a laborer of his tenant, thereby causing the tenant to quit the leased premises, is not entitled to recover of another who thereupon employed the tenant.

FROM the circuit court of Leflore county.

HON. F. A. MONTGOMERY, Judge.

Mrs. McNeill, the appellee, was the plaintiff in the court below; Mahoney, appellant, was defendant there. The facts are stated in the opinion of the court. The statute involved is as follows:

"1068. *Enticing servants.*—If any person shall wilfully interfere with, entice away, knowingly employ, or induce a laborer or renter who has contracted with another person for a specified time to leave his employer or the leased premises before the expiration of his contract, without the consent of the employer or landlord, he shall, upon conviction, be fined not less than twenty-five dollars nor more than one hundred dollars, and, in addition, shall be liable to the employer or landlord for double

the amount of damage which he may have sustained by reason thereof."*

*R. W. Williamson* and *S. R. Coleman,* for appellant.

The land said to have been abandoned by plaintiff's tenant was purely agricultural. It was either planted or was ready to be planted by the first of May, 1898. The suit was begun May 13, 1898, and of course the cause of action was uncertain, and depended upon speculation as to what the seasons might be. Plaintiff's whole case, except perhaps a right to nominal damages, was purely speculative when begun, and of course the case had to be determined in the circuit court by its character at the date of its institution. Subsequent developments cannot aid the plaintiff. 1 Enc. P. & P., 209.

Plaintiff's husband and agent interfered with a laborer of the tenant, and this caused the latter to abandon the leased premises. This itself is sufficient to defeat the plaintiff's suit, under code 1892, § 1086—a highly penal statute.

*Rush & Gardner,* for appellee.

There is no merit in the idea that the suit was prematurely instituted. *Gibson, etc., Co.* v. *Meek,* 71 Miss., 614. But if there were merit in the idea, it was not made a ground of the motion for a new trial, and was therefore abandoned. *Bell* v. *Flaherty,* 45 Miss., 694. All other questions were settled by the verdict in appellee's favor, on evidence ample to justify the finding.

TERRAL, J., delivered the opinion of the court.

The appellee recovered in the circuit court of Leflore county double damages of the appellant for knowingly employing her renter, Ben. Willis, during the year 1898, without her consent.

---

* Code 1892, § 1068, was amended after this case was decided (Laws 1890, p. 140). The amendment makes the penalty a fine, not less than $25.00 or more than $100.00, and in addition makes the offender liable to the employer or landlord "for all advances made by him to said renter or laborer by virtue of his contract with said renter or laborer, and for all damages which he may have sustained by reason thereof."

The appellee, in December, 1897, rented to Ben. Willis thirty acres of land for the year 1898, but Willis left plaintiff's place in the latter part of January, 1898, and was employed by Mahoney, though informed of his contract with Mrs. McNeill.

Upon the trial of the case Ben. Willis testified that he left the plaintiff's place because Mr. McNeill, the husband of the plaintiff, and the manager of her plantation, refused to permit Sue Eckols, a farm hand employed by him to cultivate the place for the year 1898, to remain on the place; that in consequence of such interference with his labor by McNeill he left the plaintiff's place, and this testimony of Ben. Willis was undisputed.

The statute, § 1068 of the annotated code, is highly penal, and must be strictly construed; and the plaintiff cannot recover unless she be without fault. Her manager, McNeill, had no right to interfere with the farm hand employed by Willis for cultivating the land rented of plaintiff, and to drive her from his service. To do so was a clear breach of duty, and disentitled the plaintiff to bring her action for double damages. The appellant's motion for a new trial should have been sustained.

*The judgment is reversed, the verdict is annulled, and a new trial awarded.*